## COMMONWEALTH *vs.* GILBERT WARDEN.

In the trial of an indictment for perjury in an answer to a bill of discovery, the cer tificate of the magistrate before whom the answer was sworn to, on proof of the hand writing of his signature, is competent and sufficient *prima facie* evidence or the administration of the oath to the defendant.

An indictment for perjury, in an answer to a bill of discovery filed in the supreme judicial court by A. H. against G. W., after alleging the filing of the bill and set ting forth the interrogatories therein propounded to said G. W., alleged that the said G. W., the defendant in said bill, at, &c., on, &c., " did come, in his proper person, before A. B., the said A. B. being then and there a justice of the peace for the county of W. aforesaid, and then and there did make, produce and exhibit to the said A. B., so being such justice as aforesaid, the answer in writing of him the said G. W. to the said bill of the said A. H., then pending in the supreme judicial court, entitled ' the answer of G. W., the defendant, to a bill of complaint of A. H. ; ' and the said G. W. was then sworn in due form of law, and took his corporal oath touching and concerning the matters contained in his said answer, by and before said A. B., so being such justice of the peace as aforesaid, and then and there having sufficient and competent power and authority to administer an oath to the said G. W. in that behalf ; and that said G. W., being so sworn as afore said, and being then and there lawfully required to declare or depose the truth in a proceeding in a course of justice, did, upon his oath aforesaid, concerning the matters contained in his said answer, before the said A. B., so being such justice as aforesaid, then and there swear, make oath, depose and say, that said answer of him said G. W. was true, according to his best recollection and belief ; and that the said G. W., being so sworn as aforesaid, and intending unjustly to aggrieve the said A. H., did, in his answer aforesaid, before said A. B., being such justice as aforesaid, falsely, knowingly, wilfully and corruptly, by his own act and consent, upon his oath aforesaid, among other things, then and there answer, swear, depose and say in substance and to the effect following," (setting forth the matters

sworn to by said G. W. in said answer,) " as by the said answer of said G. W., stil. remaining in the supreme judicial court aforesaid, among other things will appear : " The indictment then alleged the falsity of the answer, and charged the said G. W. with wilful and corrupt perjury. *Held,* that the indictment charged the defendant with taking a false oath, when lawfully required to depose the truth in a proceeding in a course of justice, and was sufficient to support a conviction.

THIS was an indictment, which alleged that Alpheus Harding filed a bill of complaint, in writing, in the supreme judicial court held at Northampton in September 1842, against the defendant, and therein prayed that the court would order the defendant to reply under oath, to certain interrogatories, (set forth in said bill and in the indictment.) The indictment then all ged, " that the said Gilbert Warden, the defendant in said bill of complaint, afterwards, to wit, on the twenty eighth day of October, in the year of our Lord one thousand eight hundred and forty three, at Petersham, in the county of Worcester, did come, in his own proper person, before Aaron Brooks, jr. Esquire, he the said Aaron Brooks, jr. being then and there one of the justices assigned to keep the peace within and for the county of Worcester aforesaid, and then and there did make, produce and exhibit to the said Aaron Brooks, jr. Esquire, so being such justice as aforesaid, the answer in writing of him the said Gilbert Warden to the said bill of complaint of the said Alpheus Harding, then pending in the said supreme judicial court, entitled ' the answer of Gilbert Warden, the defendant, to a bill of complaint of Alpheus Harding ; ' and the said Gilbert Warden was then and there sworn, in due form of law, and took his corporal oath touching and concerning the matters contained in his said answer, by and before said Aaron Brooks, jr. Esquire, so being such justice of the peace as aforesaid, and then and there having sufficient and competent power and authority to administer an oath to the said Gilbert Warden, in that behalf ; and that said Gilbert Warden, being so sworn as aforesaid, and being then and there lawfully required to declare and depose the truth, in a proceeding in a course of justice, did, upon his oath aforesaid, concerning the matters contained in his said answer, before the said Aaron Brooks, jr., Esquire, so being such justice as

aforesaid, then and there swear, make oath, depose and say, that said answer of him the said Gilbert Warden was true, according to his best recollection and belief ; and that the said Gilbert Warden, being so sworn as aforesaid, and intending unjustly to aggrieve the said Alpheus Harding, the aforesaid complainant, did, in his answer aforesaid, before said Aaron Brooks, jr. Esquire, being such justice as aforesaid, falsely, knowingly, wilfully and corruptly, by his own act and consent, upon his oath aforesaid, among other things, then and there answer, swear, depose and say, in substance and to the effect following, to wit." (Here were set forth the matters in the defendant's answer aforesaid, and an allegation of their falsity.) The conclusion of the indictment was, " that the said Gilbert Warden, in manner and form aforesaid, and of his own corrupt mind, did falsely, wickedly, wilfully and corruptly commit wilful and corrupt perjury, to the manifest perversion of public justice," &c.

At the trial in the court of common pleas, before *Merrick,* J. the district attorney, to prove the administration of the oath to the defendant, offered in evidence a certificate of that fact, attached to the defendant's answer, purporting to be signed by Aaron Brooks, jr. the magistrate befc.e whom the answer was alleged to be sworn to, with evidence of the hand writing of said magistrate. The defendant objected to the admission of this evidence, on the ground that it was not competent evidence of the administration of the oath. It was agreed that the magistrate had deceased before the trial. The judge ruled that the evidence was competent, and suffered it to go to the jury.

The defendant contended that it was not competent for the government, under this indictment, to prove that any order had been made by the supreme judicial court, or was served upon the defendant, requiring him to make answer to said bill of discovery. But the judge admitted the record of said court of the proceedings upon said bill, as evidence of the issuing of such order, and of its service upon the defendant.

There being no allegation, in the indictment, that any suit

was pending in any court, in relation to which the said bill of discovery could be used, the defendant contended that there was no issue to which the statements made in his answer could be material. But the judge ruled that it was sufficient to sustain the indictment, if the answers of the defendant were material to the points in question, upon the matters proposed and set forth in said bill of discovery.

The defendant was found guilty by the jury, and alleged exceptions to the judge's rulings.

*B. F. Thomas & F. H. Dewey*, for the defendant. Proof that the jurat is in the hand writing of the magistrate, is not sufficient evidence of the administration of the oath.

The indictment does not allege that the supreme judicial court ordered the defendant to make answer to Harding's bill; nor that any notice was given to the defendant that he was called on to make an answer thereto; nor that any process was pending against him, when he made his answer; nor that the matter of his answer was material. Evidence of these facts was therefore inadmissible. 1 Hawk. c. 69, § 1. 4 Bl. Com. 137. 2 Russell on Crimes, (1st ed.) 1752, 1756. Roscoe Crim. Ev. (2d ed.) 761, 764. *Commonwealth v. Knight*, 12 Mass. 274, 277. *Shaffer v. Kintzer*, 1 Binn. 543. 2 Chit. Crim. Law, 305, 312. *The King v. Eden*, 1 Esp. R. 97. *The King v. Aylett*, 1 T. R. 63.

*Wilkinson*, (District Attorney,) for the Commonwealth. Proof of the magistrate's hand writing is sufficient *prima facie* evidence of the administration of the oath. 3 Stark. Ev. 1138. *Rex v. Morris*, 2 Bur. 1189. *Rex v. Spencer*, Ry. & Mood. 97, and 1 Car. & P. 260.

It sufficiently appears, from the various allegations in the indictment, that the defendant was duly called upon to testify in a proceeding in the course of justice, and that his testimony was material. A direct averment of these facts was not necessary in order to render the evidence of them admissible.

DEWEY, J. The certificate of the magistrate before whom the oath was taken, his signature thereto being proved, was competent and sufficient *prima facie* evidence of the taking

of the oath by the defendant. 1 Greenl. on Ev. § 512. Roscoe Crim. Ev. (2d ed.) 759. *Rex* v. *Morris,* 1 Leach, (3d ed.) 60, and 2 Bur. 1189.

The objection that has required more consideration is the want of any particular and precise averment that the court took judicial cognizance of the bill for a discovery, and by any judicial order required the defendant to answer thereto. The indictment does however allege, with time and place, the filing of the bill, and an exhibit thereof to the court, and a prayer that the court would order the defendant to reply under oath to the interrogatories therein propounded to him, and then further alleges that the defendant did, at a certain time and place stated, appear before Aaron Brooks, jr. a justice of the peace, and make answer thereto.

Taking the whole indictment, we think it sufficiently appears that the answer, in which the perjury is alleged to have been committed, was an answer made by the defendant, as a party to the bill which had been filed against him. A party may appear without a subpœna, and take upon himself the defence.

There are various allegations in this indictment which aid in establishing the fact that this answer was made in a proceeding in a course of justice. 1st. The indictment alleges that the document, to which the defendant made oath, was entitled "the answer of Gilbert Warden, the defendant, to a bill of complaint of Alpheus Harding." 2d. It is alleged that "said Aaron Brooks had competent and sufficient power and authority to administer an oath to said Gilbert Warden in that behalf;" which could be truly affirmed only upon the supposition that the defendant had become a party to the bill, and had appeared to answer thereto. 3d. It is alleged "that said Gilbert Warden, being then and there lawfully required to declare and depose the truth in a proceeding in a course ot justice, did," &c. 4th. It is averred "that, by the said answer of said Gilbert Warden still remaining in the supreme judicial court aforesaid," these facts appear.

These allegations, taken in connexion with the other

matters charged, sufficiently allege the fact that the defendant legally became a party to a proceeding in a course of justice, and that this proceeding was a bill in chancery to which the defendant was legally bound to make an answer under oath ; that he undertook to make such answer under oath ; and that in so doing he made the various statements, alleged in the indictment to be false, and well known to be such by the defendant, at the time of the administration of the said oath to him. We are therefore of opinion that the false oath, imputed to the defendant in this indictment, is charged as one taken by the defendant when lawfully required to depose the truth in a proceeding in a course of justice, and that the indictment is in that respect sufficient.

*Exceptions overruled.*